# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15-cv-276-FDW

| | |
|---|---|
| ROBBIE SHERRON, | ) |
|              Plaintiff, | ) |
| vs. | ) |
| FRANK PERRY, et al., | )    **ORDER** |
|              Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1), and on Plaintiff's Motion for Request Needed Ordered Material, (Doc. No. 6). On December 22, 2015, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 5). Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Robbie Sherron is an inmate of the State of North Carolina, currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina. Plaintiff filed this action on December 10, 2015, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) Frank Perry, identified as "Secretary of Public Safety over all prisons"; (2) Carolyn Buchanan, identified as "Program Director I"; (3) Dextor Gibbs, identified as "Superintendent of programs medical services"; and (4) Lt. C. Riddle, identified as "Officer over other officers that's in charge." (Doc. No. 1 at 3). Plaintiff purports to bring a claim against Defendants for deliberate indifference to serious medical needs. Specifically, Plaintiff alleges that:

1

> This is a[n] additional claim to help support Plaintiff other lawsuit that's pending case No. 1:15cv181-FDW . . . . The plaintiff is being ignored by correctional administrators and program directors at Mountain View prison. Medical member PA Keith Damico refuses and has constituted deliberate indifference the defendant has ignored the plaintiff's prior prison medical history. The PA is refusing to provide treatment for plaintiff's serious medical conditions that's been diagnosed by [] prior prison medical doctors and by outside medical doctors. The PA is interfering with the plaintiff to receive the adequate medical treatment for Plaintiff['s] prior back injury and his Hep-C. Plaintiff suffering serious deprivation and physical pain.
> The named defendants owed me reasonable care. They are breach of the duty and causing plaintiff more physical pain and the events of physical pain is occurring from results of the defendant's breach of duty. The plaintiff's diseases and injury is worse now than it would have been if plaintiff had received adequate medical care treatment (etc.). Plaintiff's Eighth Amendment is being deprived. Plaintiff grievance that was accepted never has been adequately remedy or answered.

(Doc. No. 1 at 3-4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

2

Here, in the Complaint, Plaintiff alleges that he has already filed a previous lawsuit dealing with the same facts as those involved in this action. (Doc. No. 1 at 1). He notes that on October 16, 2015, he filed an Amended Complaint in 1:15cv181, which is pending in the Court. In that action, he has named physician's assistant Keith Damico as a Defendant, and he alleges the same claims in that action as those alleged here against Damico—that Damico has been deliberately indifferent to Plaintiff's serious medical needs by refusing to provide treatment for Plaintiff's serious medical needs.[1] Indeed, in his Complaint in this action, Plaintiff states that "[t]his is a[n] additional claim to help support Plaintiff['s] other lawsuit that's pending [in] case no. 1:15cv181-FDW filed [on October 16, 2015]." (Doc. No. 1 at 3). Here, by Plaintiff's own account, the claims in this action arise out of the same facts as those in his already pending action. Because this action is duplicative of the action already pending in this Court, it will be dismissed. Plaintiff is free to move to amend the Complaint in the other, pending action if he wishes to add claims or defendants in that action.

### IV.     CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice because Plaintiff already has an action pending in this Court in which he has brought the same claims.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed without prejudice.

2. Plaintiff's Motion for Request Needed Ordered Material, (Doc. No. 6), shall be terminated

---

[1] Plaintiff has not named Damico as a Defendant in this action, but the only person whose personal conduct Plaintiff complains about in the Complaint is Damico. Thus, even if this action were not being dismissed as duplicative, it would be subject to dismissal on the ground that Plaintiff does not allege any personal participating by any of the four Defendants named in the Complaint.

as moot.

3. The Clerk is directed to terminate this action.

Frank D. Whitney
Chief United States District Judge